# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 2:16-cr-00480-DCN |
| vs. ) | |
| ) | **ORDER** |
| TIMOTHY DA'SHAUN TAYLOR ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on defendant Timothy Da'Shaun Taylor's ("Taylor") motion to compel the discovery of various federal government documents relating to the decision to prosecute him and motion to dismiss the indictment as a violation of the Double Jeopardy clause. For the reasons set forth below, the court denies defendant's motions.

## I. BACKGROUND

On September 3, 2011, Taylor was involved in an armed robbery of a McDonald's restaurant in Mount Pleasant, South Carolina. He planned and conducted the robbery in conjunction with Joseph Whiteside ("Whiteside") and Deron Moultrie ("Moultrie"). During the robbery, Whiteside shot the manager of the McDonald's in the hand and leg. Taylor drove the car to and from the McDonald's. Taylor entered a guilty plea in state court. As a result of their state court convictions, Whiteside was sentenced to 25 years in prison, Moultrie received a sentence of up to six years under South Carolina's youth offender act, and Taylor received a probationary sentence.

1

While investigating Taylor's involvement in a separate crime involving the 2009 disappearance of a teenager, the United States learned of Taylor's 2011 armed robbery and pursued a subsequent federal prosecution. In 2016, Whiteside was indicted on the following federal charges related to the 2011 robbery: (1) conspiracy to commit Hobbs Act Robbery under 18 U.S.C. § 1951; (2) armed robbery under 18 U.S.C. § 1951(a) and 2; and (3) possession and discharge of a weapon during a crime of violence under 18 U.S.C. § 924(c)(1)(A).

## II. DISCUSSION

### A. Motion to Dismiss

Taylor moves to dismiss the indictment, claiming that this federal prosecution is barred by: (1) the Double Jeopardy Clause; (2) the Due Process Clause; (3) the Cruel and Unusual Punishment Clause. See ECF No. 75. Each of these arguments is without merit, and the motion is denied in full.

The Double Jeopardy Clause provides that no person shall be "subject for the same offence to be twice put in jeopardy of life and limb." U.S. Const. amend. V. This clause does not prohibit successive prosecutions by separate sovereigns—such as the federal government and the State of South Carolina—arising out of the same acts:

> Every citizen of the United States is also a citizen of a State or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for an infraction of the laws of either. The same act may be an offence or transgression of the laws of both.

Bartkus v. Illinois, 359 U.S. 121, 131 (1959) (quoting Moore v. Illinois, 55 U.S. 13, 20 (1852)). Cooperation between prosecuting sovereigns does not violate the Double Jeopardy clause.[1]

Taylor contends that "the facts will reveal that the defendant was previously prosecuted and convicted in state court for substantially the same offense." Def. Mot. 1. What Taylor fails to recognize is that even if he had a state court conviction for the identically defined offense as he is now been indicted in federal court, courts have consistently upheld successive prosecutions by state and federal governments, recognizing the dual sovereignty exception to the double jeopardy doctrine. See e.g., United States v. Sewell, 252 F.3d 647 (2d Cir. 2001) (holding that federal prosecution not barred by prior state acquittal); United States v. Bell, 113 F.3d 1345, 1351 n. 6 (3rd Cir.), cert. denied, 522 U.S. 984 (1997) (holding that federal prosecution not barred by prior state acquittal); United States v. Montgomery, 262 F.3d 233, 238 (4th Cir.), cert. denied, 122 S.Ct. 845 (2001) (holding that federal prosecution not barred

---

[1] In Bartkus, the Supreme Court warned that the Double Jeopardy Clause might proscribe consecutive federal and state prosecutions when a later state prosecution is "a sham and a cover for a federal prosecution, and thereby in essential fact another federal prosecution." 359 U.S. at 124. Taylor does not appear to be making any sort of argument that the federal government and the State of South Carolina impermissibly colluded here. Even if there were a Bartkus sham prosecution claim buried in his motion, it would fail—courts interpreting Bartkus have consistently held that even significant coordination between two sovereigns does not provide a basis for applying the Bartkus exception. See United States v. Angleton, 221 F. Supp. 2d 696, 715 (S.D. Tex.) (collecting cases), order aff'd and remanded, 314 F.3d 767 (5th Cir. 2002).
    To the extent that Taylor seeks dismissal of the indictment for prosecutorial misconduct, without more, this argument fails. The Supreme Court has held that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for a trial of the charge on the merits." Costello v. United States, 350 U.S. 359, 363 (1956).

by prior state guilty plea); United States v. Ray, 238 F.3d 828, 835 (7th Cir.), cert. denied, 532 U.S. 1045 (2001) (holding that federal prosecution not barred by prior state conviction); United States v. Johnson, 169 F.3d 1092, 1095–96 (8th Cir.), cert. denied, 528 U.S. 857 (1999) (same); United States v. Male Juvenile, 280 F.3d 1008, 1021 (9th Cir. 2002) (holding that federal prosecution not barred by prior tribal court prosecution); United States v. Trammell, 133 F.3d 1343, 1349–50 (10th Cir. 1998) (holding that federal prosecution not barred by prior state acquittal); United States v. Holland, 985 F. Supp. 587, 594 (D. Md. 1997) (holding that federal prosecution not barred by prior state guilty plea based on same conduct).

To the extent that Taylor is inviting the court to use this case as a vehicle to reexamine the dual sovereignty doctrine, the court refuses that invitation. See United States v. Barrett, 496 F.3d 1079, 1119 (10th Cir. 2007) ("To the extent [the defendant] questions the continued viability of the dual sovereignty doctrine . . . this court is bound to follow [United States v. Lanza, 260 U.S. 377 (1922)] . . . until such time as the Supreme Court overrules it."). As explained above, it is well-established that, under the dual sovereignty exception state and federal prosecutions premised on the same underlying facts are allowed.

However, while the court recognizes that the dual sovereignty doctrine is well-established, it is concerned from a policy perspective with its application in the unique circumstances of this case. First, defendants facing state charges may be less likely to enter guilty pleas if they are aware that the guilty plea in state court will mean that they are entering a de facto guilty plea in federal court should they ever be indicted on federal charges. This disincentivizes pleas on the state level. There is

also an inherent unfairness in placing only these defendants in a different and worse-off position than defendants facing ordinary federal charges. For those defendants who are facing simultaneous prosecution by the state and federal government, or even for those defendants who are put on notice that there may be a future prosecution by the federal government, the court is satisfied that those defendants will be afforded adequate information to make their decision on whether to enter a guilty plea.

Ultimately the federal government has the power to pursue a separate federal prosecution of this case under the dual sovereignty doctrine. Before indicting Taylor, the federal government obtained a waiver of the Petite policy, an internal Department of Justice policy which generally precludes a successive federal prosecution after a state prosecution based on the same conduct unless (1) the case involves a substantial federal interest; (2) the prior prosecution left that substantial federal interest unvindicated; (3) the defendant's conduct constitutes a criminal offense and the government believes sufficient evidence exists to sustain a conviction; and (4) the subsequent prosecution has been approved by the appropriate Assistant Attorney General. See U.S. Attorneys' Manual § 9–2.031 (1997) ("Petite policy"). Under the Petite policy, the federal government need only identify a "substantial federal interest" to proceed in the proposed prosecution. The Second Circuit confronted a similar claim in United States v. Harris, 87 Fed.Appx. 782, 783 (2d. Cir. 2004), where the defendant argued that the district court erred in failing to dismiss the indictment, contending that "a presumption of vindictiveness applies because the federal prosecution stemmed from the same alleged course of conduct for which he was convicted in state court" and "because the [federal government] prosecuted . . . based

on the perception . . . that [the] state court sentence was too lenient." Id. The Harris court rejected each of these arguments, and upheld the district court's determination that the federal government was animated to prosecute because the state prosecution did not vindicate the substantial federal interest in protecting minors. Id. Here, the federal government identifies the leniency of Taylor's sentence compared to his codefendants in the 2011 armed robbery as the federal interest that needs to be vindicated.[2] The court finds guidance in the Harris court's reasoning, and holds that the federal government had a substantial federal interest sufficient to withstand muster under the Petite policy. Furthermore, and most saliently, the policy "does not create a substantive right for the defendant which he may enforce, and is not subject to judicial review." United States v. Mitchell, 778 F.2d 1271, 1276 (7th Cir. 1985).

Although the court remains concerned with the application of the dual sovereignty doctrine in this case, the dual sovereignty doctrine is established law, binding on this court, and Taylor has made no legal argument that precludes its application to this case. Taylor also moves to dismiss the indictment on due process grounds, arguing that the federal prosecution violates the Due Process Clause and the Cruel and Unusual Punishment Clause. As explained by the Seventh Circuit in United States v. Schwartz, 787 F.2d 257, 266–67 (7th Cir. 1986):

---

[2] The court notes that during the hearing on this motion, the federal government volunteered that Taylor would have been able to plea to a statutory range of 0–20 years had he passed a polygraph test in which he was questioned about his knowledge of the separate 2009 case. Tr. 7:23–8:3. The federal government certainly has the discretion to initiate federal charges in an unrelated case to pressure a defendant into offering information in a separate case. However, it calls into question which "substantial federal interest" remained "unvindicated" by the prior state prosecution—the sufficiency of Taylor's state sentence, or determining what had occurred during the 2009 disappearance of a teenager.

> The Supreme Court long ago established that the United States may bring a criminal prosecution even after a person had been tried for and acquitted of the same conduct in state court . . . . Separate sovereigns may make their own decisions—be they complementary or conflicting—about who should stand trial, and for which charges . . . . The question whether to proceed with prosecution is for the Executive Branch and the grand jury alone.

Courts have clearly accepted dual prosecutions, so there is no Due Process or Eighth Amendment issue. Therefore, Taylor's Due Process and Cruel and Unusual Punishment arguments are also denied.

### B. Discovery Motion

Next, Taylor moves for supplemental discovery under Brady v. Maryland, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16. Specifically, he moves for a copy of the Petite waiver seeking approval to convene a grand jury. Def.'s Mot. 1.

During the hearing on this matter, Taylor asked for "any memos, any written documents, the approval process to perform the subsequent indictment" under the Petite policy. Tr. 10:5–7. He argued that this information is needed to determine whether the federal government understood the disparity in sentencing between Taylor and his codefendants. Tr. 10:8–18. If the federal government misunderstood the disparity in sentencing, Taylor seems to contend, then his sentence would no longer be disproportionate and perhaps the Department of Justice would not have given approval for waiver of the Petite policy. The government objects to disclosing these materials, arguing that they are internal work documents. Tr. 10:20–23. The court does not analyze this argument, as it finds that Taylor is not entitled to any

documents related to the Petite waiver policy for the simple fact that even a violation of the Petite policy would have no effect on Taylor's case.

### 1. "Materiality" under Rule 16

Discovery in federal criminal cases is much more limited than discovery in federal civil cases. See Degen v. United States, 517 U.S. 820, 825–26 (1996) (noting that "[a] criminal defendant is entitled to rather limited discovery"). Federal Rule of Criminal Procedure 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

The Petite policy is an internal protocol that outlines dual prosecution guidelines for the Department of Justice. It does not confer any substantive rights upon defendants. See e.g., United States v. Howard, 590 F.2d 564, 567 (4th Cir. 1979) (referring to the Petite policy as a "mere housekeeping provision."); United States v. Jackson, 327 F.3d 273, 295 (4th Cir. 2003) (holding that the Petite policy does not "vest defendants with any personal rights."). The Fourth Circuit has long held that a defendant has "no right to have an otherwise valid conviction vacated because government attorneys fail to comply with departmental policy on dual prosecutions." United States v. Musgrove, 581 F.2d 406, 407 (4th Cir. 1978). The court is in no position to pass judgment on the internal prosecutorial decisions made

by the Department of Justice. Since Taylor has failed to make a threshold showing of materiality under Rule 16, he cannot obtain discovery of any documents related to waiver of the Petite policy from the government. See United States v. Lucas, 841 F.3d 796, 806 (9th Cir. 2016) (Upholding ruling that defendant failed to make a sufficient showing of materiality under Rule 16 because the Petite policy confers "no substantive rights"); United States v. Mitchell, 778 F.2d 1271, 1276 (7th Cir. 1985) (upholding denial of discovery related to claim that government did not meet Petite policy because the policy).

### 2. Brady Claims

Taylor's discovery request also fails under Brady because he has yet to identify any Brady material that supports his claim. Under Brady, the government must disclose information favorable to the accused that "is material either to guilt or to punishment." 373 U.S. at 87. Evidence is material for Brady purposes if a "reasonable probability" exists that the result of a proceeding would have been different had the government disclosed the information to the defense. United States v. Bagley, 473 U.S. 667, 682 (1985). As explained above, the Petite policy does not create a substantive right for Taylor. Therefore, even if the government had violated the Petite policy in choosing to bring federal charges against Taylor he would have no recourse. It follows that any documents related to the Petite waiver policy are not material under Brady.

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** both motions in full.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**November 13, 2017
Charleston, South Carolina**